OPINION *Page 2 
{¶ 1} On August 17, 2007, the Licking County Grand Jury indicted appellant, Jeffrey Lanter, on one count of domestic violence in violation of R.C. 2919.25. Said charge arose from an incident between appellant and his ex-wife, Melissa Lanter.
 {¶ 2} A jury trial commenced on February 5, 2008. The jury found appellant guilty as charged. By judgment entry filed February 6, 2008, the trial court sentenced appellant to two years in prison.
 {¶ 3} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 4} "APPELLANT WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL AS GUARANTEED BY THE U.S. AND OHIO CONSTITUTIONS DUE TO COUNSEL'S FAILURE TO OBJECT TO MULTIPLE INSTANCES OF IMPROPER QUESTIONING, PREJUDICIAL HEARSAY AND IMPROPER REBUTTAL BY THE PROSECUTOR."
 II {¶ 5} "THE EVIDENCE WAS LEGALLY INSUFFICIENT TO SUPPORT APPELLANT'S CONVICTION."
 III {¶ 6} "THE COURT ERRONEOUSLY OVERRULED APPELLANT'S MOTION FOR ACQUITTAL PURSUANT TO CRIMINAL RULE 29." *Page 3 
 IV {¶ 7} "APPELLANT'S CONVICTION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 I {¶ 8} Appellant claims his trial counsel was deficient for failing to object to "multiple" improper questions, prejudicial hearsay, and improper rebuttal by the prosecutor. We disagree.
 {¶ 9} The standard this issue must be measured against is set out inState v. Bradley (1989), 42 Ohio St.3d 136, paragraphs two and three of the syllabus, certiorari denied (1990), 497 U.S. 1011. Appellant must establish the following:
 {¶ 10} "2. Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance. (State v. Lytle [1976],48 Ohio St.2d 391, 2 O.O.3d 495, 358 N.E.2d 623; Strickland v.Washington [1984], 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, followed.)
 {¶ 11} "3. To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different."
 {¶ 12} Appellant argues there were several instances where the prosecutor elicited testimony without first laying a proper foundation. In particular, appellant points to the testimony of the victim, Melissa Lanter, and Newark Police Officer Russell Ringler. *Page 4 
 {¶ 13} Ms. Lanter admitted she was nervous about testifying which prompted the use of her prior written statement. T. at 64. The prosecutor and Ms. Lanter engaged in a question and answer session about the incident which eventually led to questions about her written statement. T. at 64-67. It is hard to tell during her testimony of the assault what is her actual testimony and what was read. Nevertheless, taken her testimony as a whole, she testified independently about the incident, and her testimony on cross-examination was consistent. T. at 68-70, 77-80, 85-86.
 {¶ 14} Appellant also argues on re-direct, the prosecutor improperly questioned Ms. Lanter about appellant being mean and disrespectful. T. at 89. Although the questions on re-direct were leading, they were not so egregious as to affect the outcome of the trial.
 {¶ 15} During Officer Ringler's testimony, the prosecutor presented him with his written statement in order for him to testify about appellant's comments to the police during the investigation. T. at 108. Although there was no foundation, the elicited testimony was not so prejudicial as to affect the outcome of the trial. Officer Ringler had already testified as to appellant's awareness that he would probably be investigated and/or arrested. T. at 107.
 {¶ 16} Appellant also argues his trial counsel did not object to impermissible hearsay testimony. Evid. R. 801(C) defines "hearsay" as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted."
 {¶ 17} Appellant's teenage daughter, Amanda Lanter, testified to her mother's statements about the incident which were contemporaneous with the assault. T. at 92. *Page 5 
We find the complained of testimony was not hearsay as it was an excited utterance and not offered to prove the truth of the matter asserted. Evid. R. 803(2).
 {¶ 18} Heath Police Patrolman Bill Tittle responded to the domestic fight call. T. at 96-97. He testified as to what he observed and what Ms. Lanter said to him. T. at 97-98. The testimony was not offered to prove the truth of the matter asserted, nor did it in any way prejudice the outcome of the trial. It could very well be classified as an excited utterance, but the record does not lay that foundation. If an objection had been made, the testimony might have qualified as an exception to the hearsay rule.
 {¶ 19} Upon review, we find the complained of instances of deficiency did not meet the Bradley/Strickland test.
 {¶ 20} Assignment of Error I is denied.
 II, III, IV {¶ 21} These assignments challenge the sufficiency and weight of the evidence on his conviction for domestic violence. Therefore, we will address them collectively.
 {¶ 22} On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. State v. Jenks (1991), 61 Ohio St.3d 259. "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." Jenks at paragraph two of the syllabus, following Jackson v.Virginia (1979), 443 U.S. 307. On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and *Page 6 
created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Martin (1983),20 Ohio App.3d 172, 175. See also, State v. Thompkins, 78 Ohio St.3d 380,1997-Ohio-52. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Martin at 175.
 {¶ 23} At the conclusion of all the evidence, appellant made a motion for acquittal. T. at 125. Crim. R. 29 governs motion for acquittal. Subsection (A) states the following:
 {¶ 24} "The court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, information, or complaint, if the evidence is insufficient to sustain a conviction of such offense or offenses. The court may not reserve ruling on a motion for judgment of acquittal made at the close of the state's case."
 {¶ 25} The standard to be employed by a trial court in determining a Crim. R. 29 motion is set out in State v. Bridgeman (1978),55 Ohio St.2d 261, syllabus:
 {¶ 26} "Pursuant to Crim. R. 29(A), a court shall not order an entry of judgment of acquittal if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt."
 {¶ 27} Appellant was convicted of domestic violence in violation of R.C. 2919.25(A) which states, "No person shall knowingly cause or attempt to cause physical harm to a family or household member." *Page 7 
 {¶ 28} The crux of appellant's defense was that any contact between him and Ms. Lanter was not knowingly done, as the parties were involved in a "toe to toe" dispute with both shoving each other. T. at 145. Ms. Lanter was attempting to keep appellant from entering her home and appellant was trying to get in to talk to his teenage daughter. T. at 65-66.
 {¶ 29} Ms. Lanter, Amanda, and Patrolman Tittle all testified as to the cut on Ms. Lanter's lip and her "fat lip." T. at 67-68, 92, 97-99. In closing argument, appellant conceded that Ms. Lanter had sustained an injury to her lip. T. at 145; State's Exhibits 2 and 3. There is no doubt Ms. Lanter and appellant were involved in a heated dispute that escalated into the injury to Ms. Lanter.
 {¶ 30} The triers of fact were presented with the testimony of the two witnesses to the incident, Ms. Lanter and Amanda. Appellant attempted to enter the house twice. T. at 66. During the first attempt, appellant called Ms. Lanter names and lunged toward Amanda. T. at 65. He then went to his vehicle, came back, and pounded on the door attempting to gain entrance. T. at 65-66. Amanda called "911" and appellant "put his middle finger up in my face," catching Ms. Lanter in the mouth. T. at 66-67.
 {¶ 31} We find a reasonable trier of fact could find that appellant's second attempt to gain entry into the home was forceful and intentional. That intent translated into "moving" Ms. Lanter back by whatever means which resulted in her injury.
 {¶ 32} Upon review, we find sufficient evidence to substantiate the jury's findings that appellant's actions were intentional and knowingly made.
 {¶ 33} Assignments of Error II, III, and IV are denied. *Page 8 
 {¶ 34} The judgment of the Court of Common Pleas of Licking County, Ohio is hereby affirmed.
 Farmer, J., Gwin, P.J. and Delaney, J. concur. *Page 9 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Licking County, Ohio is affirmed. *Page 1